IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:15-CV-00109-RLV

| | | |
|---|---|---|
| QUARTIZ ROCHELLE GUYTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on the Defendant's Motion to Dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure (Doc. No. 15). The Plaintiff has filed a Response in Opposition to Defendant's Motion (Doc. No. 18) and the Defendant has filed a Reply (Doc. No. 19). Because the parties' briefs are filed and pending, this matter is now ripe for review.

For the reasons that follow, the Court finds that it lacks subject matter jurisdiction over the Plaintiff's Complaint and hereby **GRANTS** the Defendant's Motion to Dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Accordingly, the Complaint is hereby **DISMISSED**.

I.     BACKGROUND

The relevant factual and procedural posture of this case is relatively straightforward. Plaintiff, a resident of Charlotte, North Carolina, filed a claim for disability benefits[1] under the

---

[1] It is not entirely clear from the Complaint or record whether Plaintiff merely sought supplemental security income ("SSI") benefits under Title XVI or disability insurance benefits ("DIB") under Title II, or both. The legal standards applied to SSI and DIB are the same; but separate, parallel statutes and regulations exist for SSI and DIB claims. Therefore, citations in this Order should be considered to refer to the appropriate parallel provision as context dictates. The same applies to citations of statutes or regulations found in quoted court decisions.

Social Security Act sometime prior to June 18, 2013.[2] [Doc. No. 18-3] at p. 4. In June 2013, Plaintiff's claim was initially denied by the Social Security Administration ("SSA"). Id. Plaintiff subsequently filed a request for reconsideration, which was denied in September 2013. Id. In June 2014, Plaintiff filed a written request for a hearing before an Administrative Law Judge ("ALJ"). Id.; accord [Doc. No. 18-8] at p. 1 (¶ 7). On September 5, 2014, ALJ Robert Egan denied Plaintiff's request for a hearing as untimely. [Doc. No. 18-3] at pp. 4-5. Specifically, the ALJ found that Plaintiff filed her request for a hearing several months after the denial of her request for reconsideration – far outside the limited sixty-five (65) day window in which a hearing request could be made, per applicable regulations. Id. (see citations therein). Because the request was so late, the ALJ dismissed it. [Doc. No. 18-3] at pp. 4-5.

In his dismissal, the ALJ found that Plaintiff had not established "good cause" for extending the time in which she could request a hearing on the merits of her claim. [Doc. No. 18-3] at pp. 4-5; see also 20 C.F.R. §§ 404.911; 416.1411; 404.933(c); 416.1433(c). Plaintiff had claimed that "neither [she] nor [her] representative . . . received notice of the denial of [Plaintiff's] request for reconsideration[,]" thus, she argued, she was unable to timely submit her hearing request. [Doc. No. 18-3] at pp. 4-5 (internal quotation marks omitted); accord [Doc. No. 18-2] at p. 4. However, the ALJ found this excuse did not merit a finding of "good cause" for a myriad of reasons. [Doc. No. 18-3] at p. 5. Because the Plaintiff's request was dismissed, the ALJ declined to exercise his discretion to hold a hearing on the merits of her claim. Id. Consequently, the September 2013 denial of reconsideration remained in effect. Id.

---

[2] The parties have not presented the Court with the entirety of the administrative record in this case. Instead, the Court must rely exclusively upon the parties' submissions on Defendant's Motion to Dismiss. Further, the Court notes that the affidavit of Plaintiff's counsel represents that certain actions were taken on certain days; yet, these representations conflict with the specific dates contained in the record. Compare [Doc. No. 18-8] with [Doc. No. 18-3]. However, these conflicts are not material because, though specific dates are in conflict, (1) the months and years are not; and (2) the specific dates do not materially affect this decision. For clarity's sake, the Court will refer only to the months and years at issue, except where an exact date is undisputed by record evidence.

Following the dismissal, the Plaintiff administratively appealed the ALJ's decision to the SSA's Appeals Counsel in October 2014. [Doc. No. 18-8] at p. 1 (¶ 8); [Doc. No. 18-4]. In her administrative appeal, the Plaintiff requested that the Appeals Counsel reverse the ALJ's dismissal and remand the matter for a merits hearing on her claim. [Doc. No. 18-4] at pp. 1-2. On January 6, 2015, the Appeals Counsel declined to reverse the ALJ's dismissal. See [Doc. No. 18-8] at p. 2 (¶ 14); see also [Doc. No. 18-1]. The "Notice of Appeals Counsel Action" (the "Notice") advised Plaintiff that she had sixty (60) days in which to file a civil action in federal court in order to seek review of the ALJ's "decision" pursuant to 42 U.S.C. 405(g). [Doc. No. 18-1] at pp. 2-3.

On March 5, 2015, Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for the purpose of seeking judicial review of the underlying administrative proceedings. [Doc. No. 1]; see also [Doc. No. 18-8] at p. 2 (¶ 15). On March 23, 2015, the Appeals Council issued a corrected notice, which, again, denied Plaintiff's requested review of the ALJ's dismissal. See [Doc. No. 16-1] at p. 3 (¶ 3(c)). The "corrected" notice purportedly "set[] aside" the Appeals Counsel's January 6, 2015 Notice to the extent it erroneously stated that Plaintiff could file a civil action and seek judicial review of the administrative record.[3] See [Doc. No. 16-1] at p. 3 (¶ 3(c)); see also [Doc. No. 19] at p. 3. On June 1, 2015, Defendant filed her Motion to Dismiss the Complaint. [Doc. No. 15].

---

[3] Defendant relies on an "Exhibit 2" to an "ODAR Declaration" in support of this factual assertion. [Doc. No. 19] at p. 3. Yet, after thoroughly reviewing the docket, the Court is unable to locate the referenced "Exhibit 2." Ostensibly, this refers to the "Exhibit 2" supposedly attached to the affidavit of Kathie Hartt. [Doc. No. 16-1]. However, Ms. Hartt's affidavit has no attachments or exhibits. Accordingly, because the elusive "Exhibit 2" is not found in the record, it cannot be credited by the Court. Luckily for the Defendant, this document does not appear to be material to her Motion. However, the Court is disturbed and disappointed with the extent to which the parties have sloppily briefed the issues in this case. At best, the parties' briefs are disorganized; at worst, bits of evidence are referenced but not submitted for the Court to review. This sort of carelessness is inappropriate and frustrates the Court's ability to properly review the issues before it.

## II. ISSUES PRESENTED

Defendant moves this Court under Rule 12(b)(1) to dismiss the Plaintiff's Complaint for lack of subject matter jurisdiction. [Doc. No. 15]; [Doc. No. 16]. Defendant claims that jurisdiction over this matter remains with the SSA because Plaintiff failed to properly exhaust her administrative remedies. Specifically, Defendant argues that there is no "final decision" of the Commissioner that is capable of supporting this lawsuit because Plaintiff failed to timely challenge the denial of her request for reconsideration.[4] [Doc. No. 16] at pp. 6-8; [Doc. No. 19] at pp. 1-5.

Plaintiff counters by arguing that she did exhaust her administrative remedies and, therefore, subject matter jurisdiction is proper. She argues that she timely appealed the ALJ's September 2014 dismissal of her request for a hearing and, in January 2015, the Appeals Counsel denied her request for review. See [Doc. No. 18] at pp. 1-4. Plaintiff claims that, once the Appeals Counsel denied her request to review, she had "complete[d] the administrative appeals process" and was entitled to file this lawsuit. Id. at pp. 3-4. She also claims that the Appeals Counsel's January 2015 Notice conferred a right to seek judicial review. Id. at p. 3 ("The January 6, 2015 Notice of Appeals Action went further to state that Plaintiff had 60 days 'to file a civil action (ask for court review).'").

---

[4] Defendant initially moved to dismiss the Complaint on the theory that Plaintiff failed to timely and properly appeal the ALJ's September 5, 2014 dismissal of her request for a hearing. [Doc. No. 16] at pp. 7-8. Defendant altered her argument in her Reply brief after Plaintiff submitted evidence to rebut that contention. See [Doc. No. 19] at pp. 1-5. Ordinarily, a party is not allowed to wholly change their initial argument in a responsive brief. See, e.g., Smith v. Waverly Partners, LLC, 2012 U.S. Dist. LEXIS 119403, at *10 n.1 (W.D.N.C. 2012) (Voorhees, J.) ("The ordinary rule in federal courts is that an argument raised for the first time in a reply brief or memorandum will not be considered." (citations omitted)). However, because Defendant has moved on the issue of lack of subject matter jurisdiction, the normal rule of waiver is suspended and the Court is not limited to considering only the arguments made in the parties' initial briefs. See, e.g., Mintzer v. Lester, 2002 U.S. App. LEXIS 28223, at *4-5 (5th Cir. 2002); Lipovsky v. Vilsack, 2015 U.S. Dist. LEXIS 90510, at *15 n.5 (N.D. Miss. July 13, 2015); Ordono v. US Bank N.A., 2014 U.S. Dist. LEXIS 101213, at *3 (N.D. Cal. 2014); Crutchfield v. ImmunoScience, Inc., 2012 U.S. Dist. LEXIS 10529, at *7-8 (M.D.N.C. 2012). The Court finds it curious, though, that the Defendant originally moved on Plaintiff's purported failure to timely appeal the ALJ's dismissal. The Defendant is presumed to be in possession of the entire administrative record, and therefore should have known whether the Plaintiff actually appealed that ruling.

The Court has reviewed these arguments in conjunction with the Complaint for the purpose of determining whether subject matter jurisdiction is proper with respect to any claim asserted therein. Essentially, Plaintiff's Complaint requests two forms of relief that must be addressed in light of Defendant's Motion. First, Plaintiff requests that "the decision of the Defendant be reviewed and set aside and that the Plaintiff's claim for Social Security Disability Insurance and Supplemental Security Income be allowed and that the Defendant be ordered to pay such benefits." [Doc. No. 1] at p. 2. The Court construes this claim as requesting a reversal, on the merits, of the denial of Plaintiff's benefits claim. Second, the Complaint requests alternative relief in the form of a remand for a hearing before the ALJ. The Court construes this claim as demanding that the Court vacate the ALJ's dismissal of her request for a hearing and remand the matter to the ALJ for a hearing. Both requests will be analyzed to determine whether they properly invoke the Court's subject matter jurisdiction.

### III.   DISCUSSION

#### A.   Standard of Review

##### 1.   *Subject Matter Jurisdiction Generally*

Federal district courts are courts of limited jurisdiction. See Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005); United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009). "They possess only the jurisdiction authorized them by the United States Constitution and by federal statute." Jadhav, 555 F.3d at 347 (citing Bowles v. Russell, 551 U.S. 205 (2007)). Indeed, district courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006); accord Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010). The Fourth Circuit has consistently held that "before a federal court can decide the merits of a claim,

the claim must invoke the jurisdiction of the court." Miller v. Brown, 462 F.3d 312, 316 (4th Cir. 2006). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." United States v. Poole, 531 F.3d 263, 274 (4th Cir. 2008); Md. Stadium Auth. v. Ellerbe Becket, Inc., 407 F.3d 255, 260 (4th Cir. 2005).

Moreover, "[s]ubject matter jurisdiction cannot be forfeited or waived, and can be raised by a party, or by the court *sua sponte*, at any time prior to final judgment." In re Kirkland, 600 F.3d 310, 314 (4th Cir. 2010); see McCulloch v. Vélez, 364 F.3d 1, 5 (1st Cir. 2004) ("It is black-letter law that a federal court has an obligation to inquire *sua sponte* into its own subject matter jurisdiction."); see also Snead v. Bd of Educ. of Prince George's Cnty, 815 F. Supp. 2d 889, 893-94 (D. Md. 2011). "[T]he court must dismiss the action" if it determines that it lacks subject matter jurisdiction. See Arbaugh, 546 U.S. at 506-07. This is because "jurisdiction goes to the very power of the court to act." Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 196 (4th Cir. 2008).

While the plaintiff bears the burden of proving that the court has jurisdiction over the claim or controversy at issue, a Rule 12(b)(1) motion should only be granted if the "material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Ferdinand-Davenport v. Children's Guild, 742 F. Supp. 2d 772, 777 (D. Md. 2010); see also Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp., 166 F.3d 642, 647 (4th Cir. 1999). In a motion to dismiss for lack of subject matter jurisdiction, the pleadings should be regarded as "mere evidence on the issue," and courts may "consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Evans, 166 F.3d at 647.

2. *The Social Security Review Process*

The Social Security Act (the "Act") authorizes federal courts to review any "final decision of the Commissioner of Social Security made after a hearing" to which the claimant was a party.

42 U.S.C. §§ 405(g); accord 42 U.S.C. § 1383(c)(3). Sections 405(g) and 1383(c)(3) afford the exclusive jurisdictional basis for judicial review of disability-related claims and provide, in relevant part, that a claimant, "after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by civil action" in the United States District Court for the judicial district in which the claimant resides. See also 42 U.S.C. § 405(h) (ruling out jurisdiction under 28 U.S.C. §§ 1331, 1346); Califano v. Sanders, 430 U.S. 99, 107 (1977) (ruling out jurisdiction under the Administrative Procedure Act). Section 405(h) adds that "no finding of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or government agency except as herein provided."[5] This language "clearly limits judicial review to a particular type of agency action," specifically a "final decision . . . made after a hearing." Sanders, 430 U.S. at 108. The Act does not define the phrase "final decision . . . made after a hearing." Weinberger v. Salfi, 422 U.S. 749, 766 (1975). Rather, its meaning was left to the Commissioner to flesh out by regulation. Id.

By regulation, the SSA established a four-step administrative review process that, when finished, results in a "final decision" of the Commissioner. See 20 C.F.R. § 404.900(a)(5) ("Federal court review. When you have completed the steps of the administrative review process listed in paragraphs (a)(1) through (a)(4) of this section, we will have made our final decision. If you are dissatisfied with our final decision, you may request judicial review by filing an action in a Federal district court."); accord 20 C.F.R. § 416.1400(a)(5). The four steps include the following: (1) Initial determination; (2) Reconsideration; (3) Hearing before an ALJ; and (4) Appeals Council

---

[5] Although 42 U.S.C. § 405 governs DIB claims, its judicial review provisions are incorporated by reference in 42 U.S.C. § 1383(c)(3), which governs SSI claims. See 42 U.S.C. § 1383(c)(3) ("The final determination of the Commissioner of Social Security after a hearing under paragraph (1) shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title.")

review. 20 C.F.R. §§ 404.900 (a)(1-4), 416.1400(a)(1-4). These four steps must be taken in order, and a claimant exhausts her administrative remedies only when all of the steps are completed. Exhaustion of administrative remedies is a prerequisite to judicial review. 20 C.F.R. §§ 404.900(a)(5), 416.1400(a)(5); 20 C.F.R. §§ 404.900(b), 416.1400(b). A failure to exhaust administrative remedies will deprive a district court of subject matter jurisdiction. See, e.g., Jones v. Calvert Grp., Ltd., 551 F.3d 297, 300 (4th Cir. 2009); Majors v. Astrue, 2008 U.S. Dist. LEXIS 67643, 10-11 (W.D. Va. 2008).

> B. The Court cannot Review the SSA's Decision to Deny Plaintiff's Claim for Benefits Because the Court does not have Subject Matter Jurisdiction to Review the Merits of her Claim

This Court must first determine whether the Appeals Counsel's refusal to review the ALJ's dismissal of Plaintiff's untimely request for a hearing properly exhausted Plaintiff's administrative remedies such that the substantive denial of Plaintiff's benefits claim (i.e., the denial on the merits) is now a "final decision" of the Commissioner that is capable of being reviewed by a federal court. It is not. The Fourth Circuit addressed this issue in Adams v. Heckler, 799 F.2d 131 (4th Cir. 1986). In Adams, the Fourth Circuit was faced with the question of whether the dismissal of an untimely request for review by the SSA Appeals Council constituted a "final decision" sufficient to confer jurisdiction upon the district court to review the merits of a disability benefits determination made by an ALJ. See Adams, 799 F.3d at 132-33. There, the claimant had requested and received a hearing before an ALJ. Id. After the hearing, the ALJ issued a written decision that was only partly favorable to the claimant. Id. The ALJ notified the claimant that she had a sixty-day period after the date of his decision in which to file a request for review with the Appeals Counsel. Id. at 132. However, the claimant did not file her request until eighty days after the ALJ's decision. Id. at 132-33. Claimant's new attorney sought an extension of the filing deadline by

arguing that "good cause" existed to do so. Id. The Appeals Council rejected the extension request, finding no "good cause," and dismissed the claimant's request on the ground that it was not timely filed. Id.

The claimant sought review of the substantive denial of her benefits claim in federal district court and the government moved to dismiss the complaint. Id. at 133. The government's motion to dismiss was based on the theory that the claimant "failed to properly exhaust her administrative remedies with respect to her claim for benefits, and therefore there had been no 'final decision of the Secretary' as required by" 42 U.S.C. § 405(g). Id. The district court agreed and dismissed the complaint. Id.

On appeal, the Fourth Circuit first noted that, under applicable law, "[o]nly final decisions may receive judicial review." Adams, 799 F.2d at 133 (citation omitted). The court agreed with the reasoning of several other courts that an administrative dismissal respecting an untimely filing "does not address the merits of the claim, and thus [the merits of the claim] cannot be considered appealable . . . . If the claimant may avoid the timely exhaustion of remedies requirement, any claimant could belatedly appeal his claim at any time and always obtain district court review of an ALJ's decision." 799 F.3d at 133 (quoting Smith v. Heckler, 761 F.2d 516, 518 (8th Cir. 1985)). As a result, the Fourth Circuit found that, because the claimant had failed to timely appeal the ALJ's written decision, and because the Appeals Counsel had not considered the merits of her disability claim for that reason, there was no "final decision" regarding the merits of her disability claim capable of conferring subject matter jurisdiction on a federal court.

Here, Adams demands a similar finding – subject matter jurisdiction is lacking over Plaintiff's first claim, which requests that the denial of her benefits claim be reviewed on the merits. The ALJ's discretionary dismissal of Plaintiff's untimely request for a hearing did not

"address the merits of [Plaintiff's] claim" for benefits; rather, the ALJ addressed *only* whether Plaintiff had sufficiently demonstrated "good cause" so as to *warrant a hearing on the merits of her claim*. See Adams, 799 F.3d at 133 (quoting Smith v. Heckler, 761 F.2d 516, 518 (8th Cir. 1985)); see also [Doc. No. 18-3]. Plaintiff subsequently appealed the ALJ's procedural dismissal to the Appeals Counsel, which declined to vacate the ALJ's determination. See [Doc. No. 18-8] at p. 1 (¶ 8); [Doc. No. 18-4]; see also 20 C.F.R. §§ 404.959, 416.1457.

Neither the ALJ nor the Appeals Counsel considered the merits of Plaintiff's benefits claim. Thus, the merits of Plaintiff's claim have not gone through the administrative review process established by the SSA. See 20 C.F.R. §§ 404.900(a)(1-4), 416.1400(a)(1-4). This Court cannot sanction an end-run of "the timely exhaustion of remedies requirement" by reviewing the merits of Plaintiff's benefits claim after she "belatedly" challenged the SSA's unfavorable determination of her claim at the second-step of the four-step review process. See Adams, 799 F.3d at 133 (quoting Smith, 761 F.2d at 518); see also 20 C.F.R. §§ 404.900(a)(5), 416.1400(a)(5). To do so would grant disability benefits claimants the ability to "always obtain district court review of an ALJ's decision." Adams, 799 F.3d at 133 (quoting Smith, 761 F.2d at 518). Such a practice is neither permitted nor well advised. Hence, the Court must dismiss the first claim for relief contained in the Complaint because Plaintiff failed to exhaust her administrative remedies so as to afford this Court with subject matter jurisdiction to review the merits of her disability claim.

> C. Plaintiff's Request that the Court Vacate the ALJ's Decision to Dismiss Plaintiff's Request for a Hearing is Similarly Outside the Subject Matter Jurisdiction of this Court

The Court must also determine whether the ALJ's dismissal of Plaintiff's untimely request for a hearing is capable of being reviewed by a federal court. Importantly, the Adams Court specifically reserved this issue and assumed, without deciding, that a federal court has jurisdiction

to review the dismissal of an untimely administrative filing and "good cause" determination. See Adams, 799 F.2d at 134. However, following Adams, courts in this circuit have "routinely found that the dismissal of a disability application on procedural grounds is [similarly] not a final decision giving rise to subject matter jurisdiction under 42 U.S.C. § 405(g)." Copley v. Colvin, 2014 U.S. Dist. LEXIS 46129, at *7 n.1 (S.D. W. Va. 2014), *adopted by* 2014 U.S. Dist. LEXIS 45115 (S.D. W. Va. 2014); see, e.g., Bond v. SSA, 2014 U.S. Dist. LEXIS 74000, at *19 (W.D. Va. 2014) ("Section 405(g) does not authorize federal courts to review alleged abuses of agency discretion in dismissing a hearing request." (citing Sanders, 430 U.S. at 107-108)); Lawson v. Colvin, 2013 U.S. Dist. LEXIS 170618 (M.D.N.C. 2013); Whary v. Colvin, 2013 U.S. Dist. LEXIS 54800 (M.D.N.C. 2013); Cox v. Comm'r of Soc. Sec., 2013 U.S. Dist. LEXIS 96228 (D. Md. 2013); Blair ex. Rel I.L.B. v. Astrue, 2012 U.S. Dist. LEXIS 40676 (D.S.C. 2012); Nelson v. Barnhart, 2003 U.S. Dist. LEXIS 28575 (E.D. Va. 2003).

This practice is in congruence with how other circuits have resolved this issue. See Kiiker v. Astrue, 364 Fed App'x 408, 409 (10th Cir. 2010) (holding that the Commissioner's decision to dismiss a claim because the claimant failed to appear at her hearing is not a "final decision" subject to judicial review under § 405(g)); Subia v. Comm'r of Soc. Sec., 264 F.3d 899, 902 (9th Cir. 2001); Brandyburg v. Sullivan, 959 F.2d 555, 562 (5th Cir. 1992); Smith v. Heckler, 761 F.2d 516 (8th Cir. 1985); Doe v. Sec'y of Health & Human Servs., 744 F.2d 3, 4 (1st Cir. 1984) (per curiam); Dietsch v. Schweiker, 700 F.2d 865 (2d Cir. 1983); Watters v. Harris, 656 F.2d 234 (7th Cir. 1980) but see Bloodsworth v. Heckler, 703 F.2d 1233, 1236-39 (11th Cir. 1983) ("[J]udicial review of denials of [untimely] requests for review by the Appeals Council appears to us to be in conformity with the policies and procedures established in Title 20 of the C.F.R., particularly in §§ 404.972 and 404.981.").

The Court is persuaded by the balance of authority, which holds that a discretionary administrative dismissal on untimeliness grounds does not constitute a "final decision" that confers subject matter jurisdiction on a federal court to review the agency's determination. "Untimely requests will be heard by the [SSA] only if it deems extending the filing deadline is warranted by 'good cause.'" See Smith, 761 F.2d at 519; see also 20 C.F.R. §§ 404.900(a)(5), 416.1400(a)(5). This is a discretionary determination, separate and apart from a determination on the merits, that cannot be second-guessed by the federal courts. See Sanders, 430 U.S. at 108; accord Smith, 761 F.2d at 518-19. The Court finds this analysis dovetails the reasoning underlying the Fourth Circuit's decision in Adams. There, the Adams Court was particularly concerned with forestalling the "belated" litigation of stale claims by imprudent claimants, who seek to avoid "the timely exhaustion of remedies requirement" and administrative review process contained in the SSA's statutory and regulatory scheme. See Adams, 799 F.2d at 133 (quoting Smith, 761 F.3d at 518).

Relevant regulations provide that the ALJ's dismissal of a request for a hearing is "binding," unless it is vacated by "an administrative law judge or the Appeals Counsel." 20 C.F.R. §§ 404.959, 416.1457. A hearing by an ALJ is the third step in the SSA's four-step administrative review process for social security claims. See 20 C.F.R. §§ 404.900(a)(1-4), 416.1400(a)(1-4). If a claimant fails to initiate the next step in the process within the timeframe prescribed by regulation, then the claimant loses the right to further administrative review, and the ultimate right to judicial review, unless the claimant satisfies the SSA that "good cause" should excuse the claimant's failure to timely engage in the administrative process. See 20 C.F.R. §§ 404.900(a)(5), 416.1400(a)(5); 20 C.F.R. §§ 404.900(b), 416.1400(b).

Accordingly, once a claimant has acted untimely, the claimant's case enters the realm of administrative discretion. See, e.g., Smith, 761 F.3d at 518. If the SSA determines "good cause"

exists to excuse a claimant's untimeliness, then the SSA will exercise its discretion to overlook the claimant's tardiness. However, if "good cause" does not exist, then the SSA will not favorably exercise its discretion. See 20 C.F.R. §§ 404.900(a)(5), 416.1400(a)(5); 20 C.F.R. §§ 404.900(b), 416.1400(b). Thus, unless "good cause" is shown, it is presumed a claimant has forfeited further administrative review once the claimant acts in an untimely manner. A forfeiture of further administrative review constitutes a failure to exhaust the administrative process. See 20 C.F.R. §§ 404.900(a)(5), 416.1400(a)(5); 20 C.F.R. §§ 404.900(b), 416.1400(b); accord Woodford v. Ngo, 548 U.S. 81, 90-91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings.").

The record shows that Plaintiff filed her request for an ALJ hearing several months after the set deadline. [Doc. No. 18-3] at p. 4. At that point, Plaintiff's claim had already crossed the line that separates those claims that follow an orderly progression through the SSA's administrative review process and those claims that, as a result of the claimant's untimeliness, enter the purgatory of agency discretion. As a consequence, Plaintiff's claim was presumed to have been decided without full exhaustion of the administrative process, *unless* the ALJ exercised his discretion to grant the Plaintiff's request, despite its untimeliness. The ALJ chose not to do so, and this Court is not vested with jurisdiction to review that discretionary determination. See Sanders, 430 U.S. at 108; accord Smith, 761 F.2d at 518-19. Further, it is of no significance that the Appeals Counsel's Notice stated that Plaintiff had sixty days from the date of the Notice in which to file a civil action in federal court. See [Doc. No. 18] at p. 3. It is long-established that subject matter jurisdiction cannot be conferred by agreement of the parties. See Houck v. Substitute Trustee Servs., 791 F.3d 473, 480 (4th Cir. July 1, 2015) (citing McCorkle v. First Pa. Banking & Trust

Co., 459 F.2d 243, 251 (4th Cir. 1972)). Similarly, jurisdiction cannot be conferred by agency admission or error where no jurisdictional basis exists. Therefore, Plaintiff's second claim for relief must be dismissed because it asks this Court to review the ALJ's discretionary, procedural dismissal of Plaintiff's untimely request for a hearing; and this Court is not vested with subject matter jurisdiction to review such a decision. See Sanders, 430 U.S. at 107-108 (42 U.S.C. § 405(g) "cannot be read to authorize judicial review of alleged abuses of agency discretion . . . .")).

## IV. DECRETAL

**IT IS, THEREFORE, ORDERED THAT**

(1) Defendant's Motion to Dismiss (Doc. No. 15) is **GRANTED**; and

(2) Plaintiff's Complaint (Doc. No. 1) is **DISMISSED** for lack of subject matter jurisdiction.

**SO ORDERED**.

Signed: December 17, 2015

Richard L. Voorhees
United States District Judge